FILED: 8/12/2026 7:50 AM
Vermont Superior Court
Windsor Unit
25-CR-03197

**Vermont Superior Court**
**Windsor County Criminal Division**

**State of Vermont**
**v.**
**DANIELLE MCALLISTER**

**Docket Number(s): 25-CR-03197 Wrcr**
**25-CR-08385 Wrcr**

**Probation Violation Complaint**

**NOW INTO COURT comes the Commissioner of Corrections by and through the undersigned and authorized Probation Officer, Regina Carrier, and makes the following complaint:**

**I.**

**On the below dates, the above-named defendant was placed on probation in the care and custody of the Commissioner of Corrections on the associated dockets and charges:**

| | | |
|---|---|---|
| 07/01/2026 | 25-CR-03197 Wrcr | COCAINE-POSSESSION <2.5 GM |
| 07/01/2026 | 25-CR-08385 Wrcr | VIOLATION CONDITIONS OF RELEASE |

**II.**

**During the period of probation, the defendant has violated the condition(s) of probation as outlined below:**

04. You shall not purchase, possess or use any regulated drug without a valid prescription. If you have a prescription, you must take your medications only in the dosage and manner prescribed.

13b. You must have a screening for Substance Abuse. You must complete the screening by the date established by your probation officer. If the screening recommends that counseling or treatment is needed, including residential treatment, you must complete the counseling or treatment as directed by your probation officer. You must attend and comply with the counseling or treatment requirements and satisfy those requirements.

32: You shall enter and successfully complete the Southeast Regional Treatment Docket (SERDTD). This includes abiding by the terms and conditions of the Participant Contract, drug testing policy and reasons for discharge

A. You shall not be convicted of another crime or engage in criminal behavior.

**Affidavit**

On July 1, 2026, Danielle McAllister (DOB [redacted] was sentenced to probation for Cocaine Possession <2.5 GM under docket Number 25-CR-03197 with an underlying sentence of 0 months to 6 months with a term of expiration until Further Order of the Court. On the same date Danielle was also placed on Probation for Violation of Conditions of Release Docket number 25-CR-08385 with an underlying sentence of 0 months to 6 months with a term of expiration of Further Order of the Court.

GOVERNMENT EXHIBIT 2

On July 15, 2026, Probation and Parole Officer (PPO) Tara Clarke reviewed Danielle's probation order with her at which time Danielle signed stating she understood and agreed to follow the conditions set forth.

On Friday, July 24, 2026, at approximately 1025 hours, I observed Danielle standing outside the Windsor Court in White River Junction, Vermont, before entering the courthouse. Danielle is an active participant in the Southeast Regional Treatment Docket (SERDTD) and was present at the courthouse to attend Treatment Court.

While outside the courthouse, I observed Danielle placing items into her bra before entering the building. Based upon my training and professional experience, I found Danielle's concealment of items in this manner to be unusual and concerning.

I entered the courthouse and advised Probation and Parole Officer (PPO) Shadya Nasrallah of what I had observed. I also advised Deputy Mark Harvey and Deputy Sergeant Francis Schippert of my observations.

I asked Danielle to exit the courtroom and meet with PPO Nasrallah and I in the lobby. While in the hallway, I explained to Danielle what I had observed and asked her to remove the items she had placed in her bra and put them on a nearby bench.

Danielle removed a torch-style lighter. Based upon my training and professional experience, I recognized the torch as an item commonly used for purposes other than smoking cigarettes. Given that Danielle had concealed the torch in her bra before entering the courthouse, its presence caused me additional concern. I asked Danielle what else she had in her possession.

Danielle removed additional items, including what appeared to me, based upon my training and professional experience, to be a crack cocaine pipe, as well as a small clear-top container containing what appeared to be crack cocaine.

Danielle then removed cash from her possession and placed it back inside her bra.

I again asked Danielle if she had anything else in her possession as I heard a plastic crinkling noise coming from the area of Danielle's clothing. Danielle stated that she did not have anything else.

PPO Nasrallah stepped away to obtain a Deputy. Danielle then walked toward the bathroom. I followed Danielle to the bathroom doorway and heard the toilet begin flushing. Based upon my training and professional experience, I know that flushing a toilet is a method commonly used to dispose of illicit items or substances.

Danielle then exited the bathroom and attempted to leave the area. Deputy Harvey instructed Danielle to return and take a seat.

Danielle is subject to Department of Corrections supervision and is not permitted to possess or consume regulated drugs without a valid prescription authorizing her possession or consumption of those drugs.

PPO Nasrallah and I remained with Danielle until a Deputy placed her in wrist restraints and escorted her outside to wait for the Honorable Judge Griffin to speak with her.

PPO Nasrallah and I subsequently searched the restroom area where Danielle had been. During the search, we located a small, round container containing a brown substance. We recovered the container and provided it to Deputy Sergeant Schippert.

On August 3, 2026, I received an Affidavit from PPO Shadya Nasrallah which I have attached to this violation. Per the affidavit "Ms. McAllister stated she had placed money in her bra. She then motioned toward her bra and removed a torch-style lighter. When asked if she had any additional items, she produced what appeared to be a pipe commonly used to smoke crack cocaine, along with a small clear round container containing what appeared to be crack cocaine based on my training and professional experience. Ms. McAllister stated, "yea, I know I'm a piece of shit." She then removed several monetary bills from her bra before placing them back inside."

Also on Friday July 24, 2026, Danielle was to report to Valley Vista at 1600 hours for her bed date. On Monday July 27, 2026, I was notified the defendant arrived on July 25, 2026, and left Valley Vista on July 27, 2026, Against Medical Advice (AMA). Under supervision Danielle is required to complete residential treatment when required.
On August 5, 2026, I received an email from Briana Plante from HCRS. Within the email there is a quote from Jaime D'Slessandro,CRSW, the aftercare manager at Valley Vista, it states "Hi there, sorry for the delay. Here is her aftercare plan and nursing discharge. This patient came in on a Saturday, 7/25/26 and then left on the following Monday 7/27/26 morning, which you knew as I called you when I ended up working with her. She walked out of our building, and I went and tracked her down and convinced her to come and talk to me in an attempt for me to get her to stay and complete treatment. That did not work as you know, and the patient did not stay. Due to the weekend and her abrupt departure, she did not get a chance to meet with our clinical team for a BPS assessment, nor has she had a clinical discharge due to the fact clinical had no information on her." Also included is a discharge summary. Per the discharge summary, "Discharging AMA, patient did not complete program at Valley Vista Recovery center. Patient is discharging with no prescribed medication. Safe discharge ensured."
On Tuesday July 28, 2026, During our appointment at Probation and Parole Danielle advised she was meeting with case worker Jillian Tripp at Health Care and Rehabilitation Services (HCRS) in the same afternoon. Danielle was directed to call Valley Vista for a new intake while meeting with Jillian Tripp. Later in the afternoon I was advised by Jillian that Danielle did not have an appointment that day with her because Danielle should have been at Valley Vista and Danielle was not available by phone to make an appointment with her. As of this writing on August 6, 2026 Danielle completed an intake with Valley Vista and is awaiting a bed date.
On August 10, 2026 I received a citation from Deputy Sergeant Francis Schippert charging Danielle McAllister with Possession of Controlled Substance. As of this time I do not have a copy of his affidavit.

**WHEREFORE the complainant respectfully requests the Court to find the defendant in violation of their condition(s) of probation.**

FURTHERMORE should probable cause be found in this case the complainant request the Court stay the expiration of Probation in this matter until it is resolved.

I declare that the above statement is true and accurate to the best of my knowledge and belief. I understand that if the above statement is false, I will be subject to the penalty of perjury.

**DATE:** 08/10/2026

**PO NAME:** Regina Carrier

**PO SIGNATURE:** Regina Carrier
Regina Carrier
Mon Aug 10 2026 14:16:50

COURT
8/13/2026

**DATE PROBABLE CAUSE FOUND:** ____________

John R. Treadwell

**JUDICIAL OFFICER** ______________________________

**Case Summary**

Danielle McAllister has been on supervision since July 1, 2026. Danielle currently has a pending charge of a Fentanyl Sale.

Danielle is currently residing at [redacted] Morse Brook Rd, Putney VT 05346 with her Father.

Danielle currently meets with her caseworker at HCRS weekly.

Danielle has been openly discussing her struggle with drug use. However Danielle has not taken the initiative on her own to for treatment. While in a meeting with her caseworker and I, we attempted to phone 2 phone calls to Valley Vista admissions and were unsuccessful.

# AFFIDAVIT

**State Of Vermont** **Windsor County**

Now comes **Shadya Nasrallah** being duly sworn and on oath, deposes and says:

I am an employee of the Vermont Department of Corrections (VDOC) at Hartford Probation and Parole employed as a Probation and Parole Officer.

On July 24, 2026, I was present at the Windsor County Superior Court for the Southeast Regional Treatment Court status hearing.

Community Corrections Officer (CCO) Regina Carrier informed me that she observed Ms. Danielle McAllister (DOB: [redacted]), a participant in the treatment docket, place items into her bra before entering the courthouse.

Ms. McAllister was asked to step out of the courtroom and meet with CCO Carrier and me in the lobby. CCO Carrier advised her that she had been observed placing unknown items in her bra prior to entering the building.

Ms. McAllister stated she had placed money in her bra. She then motioned toward her bra and removed a torch-style lighter. When asked if she had any additional items, she produced what appeared to be a pipe commonly used to smoke crack cocaine, along with a small clear round container containing what appeared to be crack cocaine based on my training and professional experience. Ms. McAllister stated, "yea, I know I'm a piece of shit." She then removed several monetary bills from her bra before placing them back inside.

While Ms. McAllister was removing these items, CCO Carrier and I heard additional objects shifting inside her bra, and I observed an item protruding from the right side of her bra beneath her shirt.

CCO Carrier asked if she had any other items in her possession. Ms. McAllister stated she did not, then abruptly walked toward the courthouse bathroom, entered, and shut the door.

I proceeded to the front of the courthouse to notify a Deputy of the situation and advised that suspected drug items and paraphernalia which belonged to Ms. McAllister were on the bench directly outside the courtroom.

I then returned to the bathroom area, where CCO Carrier was attempting to make contact with Ms. McAllister. I heard the toilet flushing and papers shifting inside the bathroom before Ms. McAllister opened the door.

I entered the courtroom to notify Regional Treatment Court Coordinator Kari Freyenhagen of the incident, then returned to the lobby to await direction from Honorable Judge Griffin.

CCO Carrier and I remained with Ms. McAllister until a Deputy placed her in wrist restraints and escorted her to await Judge Griffin's response.

*I declare that the above statement is true and accurate to the best of my knowledge and belief. I understand that if the above statement is false, I will be subject to the penalty of perjury:*

Date: 8/3/2026

**Shadya Nasrallah**

**Probation and Parole Officer**